[Civ. No. 8572. First Appellate District, Division One.—September 20, 1932.]

HERMINE HEINTZ, Appellant, v. AUGUST HENRY HEINTZ, Respondent.

Harry I. Stafford and Daniel R. Shoemaker for Appellant.

G. R. Perkins for Respondent.

THE COURT.—An appeal by plaintiff from an interlocutory decree of divorce granted to her on the ground of defendant's extreme cruelty. The appeal is limited to that portion of the decree by which it is adjudged that certain real property on Hancock Street in San Francisco is the separate property of the defendant and that plaintiff has no interest therein.

As stated, the complaint was based on allegations of cruelty, and defendant cross-complained upon like grounds, the findings in this regard being in plaintiff's favor. The court found that the community property of the marriage consisted of a promissory note, certain money and a parcel of land in or near San Bruno in San Mateo County. Plaintiff was awarded a half interest in the land and note and a portion of the money. It was also found that she owned as her separate property certain household furniture and a parcel of land on Santa Marina Avenue in San Francisco. The land in dispute was found to be the separate property of the defendant. Plaintiff claims that the evidence does not support his finding or the part of the decree based thereon, and that an interest in this property should have been awarded to her.

It has been held that where a divorce is granted for an offense of the husband the court, in view of sec-

tion 139 of the Civil Code, has no power to award to the wife his separate property in kind, its power being limited to a money allowance (*Tremper* v. *Tremper*, 39 Cal. App. 62 [177 Pac. 868]; *McKannay* v. *McKannay*, 68 Cal. App. 701 [230 Pac. 214]; 1 Cal. Jur., Alimony, sec. 92, p. 1043); but if the decree is rendered on the ground of adultery or extreme cruelty the statute provides that the community property shall be assigned to the respective parties in such proportions as the court from all the facts of the case and the condition of the parties may deem just (Civ. Code, sec. 146). The record title to the property in dispute stood in plaintiff's name. Notwithstanding this she alleged in her complaint and testified at the trial that the same was community property, while defendant's pleadings averred the same to be his separate property. In support of his claim he testified that when the property was acquired in 1923 he gave in exchange a ranch which he owned before his marriage, and agreed to pay in addition $2,500; that $500 was paid in cash and the balance from rentals received from the property; further, that the cash payment was made from money which he acquired before his marriage. In addition he testified to payments either from his separate property or the community property of the marriage in satisfaction of a mortgage on plaintiff's Santa Marina Avenue property and for improvements thereon. While his testimony was contradicted in many particulars by that of plaintiff, we cannot say that it was inherently improbable. The question of his credibility and the weight to be given his testimony were for the trial court, and the evidence was sufficient to support its finding. The judgment, which is sustained by the evidence, is fair to both parties, and nothing has been shown which would justify a reversal.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 20, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 17, 1932.