[Civ. No. 11993.   First Dist., Div. Two.   Mar. 12, 1942.]

LEONARD MEDLEY ROSE, Respondent, v. MARY WYSONG ROSE, Appellant.

S. S. Hahn and W. O. Graf for Appellant.

Cecil L. Lacy and John Oliver for Respondent.

McWILLIAMS, J. pro tem.—The plaintiff in this action brought suit against his wife for divorce on the ground of cruelty. The defendant answered and also cross-complained asking for separate maintenance but afterwards amended the prayer of her cross-complaint and asked for a divorce. The lower court granted a divorce to cross-complainant on the ground of cruelty. She has appealed from the portion of the interlocutory decree that denied her alimony and also from the portion of the decree which ordered the cancellation of a $500 promissory note that respondent had given to appellant for a loan made to him out of separate funds of appellant.

On the trial of the case much testimony was introduced by the parties in support of the charges of cruelty made by each respectively against the other. The testimony offered by each party was ample if believed by the lower court to justify that court in granting a decree of divorce to either. The action of the trial court in granting a divorce to appellant has effectively disposed of the question of her right to such divorce. It will therefore not be necessary to review the evidence on the issue of cruelty.

In its decree the lower court adjudged that the parties owned community property of an aggregate value of $5,900. It awarded to respondent a $1,600 equity in a small shop that was operated by the parties and which they had contracted to purchase for the sum of $3,800. Of the sum paid on the purchase price $500, represented by the promissory note of respondent referred to above which the court ordered cancelled, had been loaned to respondent by appellant. The court also awarded to respondent an automobile of the value of $400.

To appellant the court awarded a $1,000 life insurance policy on which the parties had borrowed the sum of $500. It also awarded to appellant jewelry of the value of $400. It also gave to appellant the household furniture valued at $2,000 and a $1,000 equity in the home of the parties located at San Marino, California. The court found that this latter real property had a value of $7,500, and also found that the unpaid balance on the purchase price was payable in installments of $50 per month. To summarize, the appellant was awarded community property of the value of $3,900 and to respondent was awarded the remaining community property of the value of $2,000. The court awarded the custody of

one of the children to respondent and the custody of the other to appellant, and also awarded to appellant the sum of $35 per month for the support of the child whose custody was given to her.

Appellant first contends that the trial court abused its discretion in denying her alimony. In our opinion that question cannot properly be determined by this court in view of the state of the record. A summary of certain features of the case should make clear our reasons for this conclusion. The parties were married in 1920. Two children, aged fifteen and eighteen respectively at the time of the commencement of the action, were the issue of the marriage. The plaintiff in her cross-complaint set out in detail the cruelty said to have been inflicted on her by respondent which cruelty she alleged had had the effect of seriously imperiling her health. She also alleged that the respondent was an able-bodied man and in receipt of an income sufficient to enable him to pay a reasonable sum for the support of herself and their two children and to defray the costs of her medical requirements. She further alleged that she had no income and that she was entirely dependent upon respondent for the necessities of life and for the support and maintenance of the two children. The answer of respondent denied that appellant had no income. He also denied that he was in receipt of any income in excess of $200 per month, out of which sum he said he was obliged to pay $50 per month on the purchase price of the business above referred to. Although the trial court found that respondent had inflicted extreme cruelty upon appellant it failed to make any finding as to the effect of respondent's cruelty on the health of appellant. It also failed to make any finding on the issue of appellant's lack of income or on the issue of the dependence of appellant on respondent for the necessities of life. However, the court concluded that appellant was not entitled to any alimony. Whether or not the lower court abused its discretion in not granting alimony to appellant would depend on various circumstances including the state of appellant's health. Substantial evidence was introduced on behalf of appellant on that subject. She testified that she had suffered with malaria for sixteen or seventeen years. She further testified that she had suffered with neuritis for a period of eight years as the result of a sacroiliac sprain. No finding was made by the court on this issue. Whether or not the lower court erred in

refusing alimony to appellant in the circumstances shown by the evidence cannot properly be determined by this court until the lower court has passed upon all the issues made by the pleadings and the evidence introduced by the parties.

It is the more necessary that all of the issues be passed upon in a case of this kind in which the lower court has held that the wife was entitled to a divorce on the ground of the extreme cruelty of her husband but has denied her alimony, since as has been pointed out by this court, a man past middle age can usually rehabilitate himself in life following a divorce but a woman of that age can seldom do so. (*Farrar* v. *Farrar,* 41 Cal. App. 452, 457 [182 Pac. 989].)

█ Appellant also contends that the lower court erred in ordering the cancellation of the $500 promissory note that had been given by respondent to appellant. According to the findings of the lower court the note was the separate property of appellant. The law is settled in this state that the power of a court to apportion property upon decreeing a divorce is limited to community property and the homestead of the parties. (*Carlson* v. *Carlson,* 10 Cal. App. 300, 303 [101 Pac. 923] ; *Heintz* v. *Heintz,* 126 Cal. App. 106 [14 Pac. (2d) 317] ; *Conard* v. *Conard,* 5 Cal. App. (2d) 91 [41 Pac. (2d) 968].) Moreover, when a husband borrows money from his wife and gives her a promissory note to evidence the indebtedness, a court has no power in a divorce decree to order the cancellation of the note. (*Mann* v. *Mann,* (1932) 136 Kan. 331 [15 Pac. (2d) 478].)

Those portions of the judgment that have been appealed from are reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Nourse, P. J., and Spence, J., concurred.