[S. F. No. 14019. In Bank.—July 20, 1932.]

MRS. M. F. H. DELANOY, Respondent, v. TERESA LOUISE DELANOY, Appellant.

W. L. Albert and J. H. McKnight for Appellant.

Calkins, Hagar, Hall & Linforth for Respondent.

THE COURT.—Defendant appeals from a judgment determining that she and plaintiff are each the owners of an undivided one-half interest in certain real property as tenants in common, and decreeing that the property be sold and the proceeds divided as determined in the judgment. The appeal is taken on the judgment-roll alone.

The original complaint was filed in September, 1928. So far as pertinent here, this complaint alleged that prior to February 11, 1928, Frederick William Delanoy and defendant owned the real property involved herein as joint tenants, that on that date Frederick conveyed his interest in the property to his mother, plaintiff herein; that thereupon the plaintiff and defendant became owners of the property as tenants in common. Plaintiff prayed that the property be sold and the proceeds divided between the parties as their interests appeared. Defendant answered this complaint and alleged that Frederick conveyed his interest in the property to his mother by way of gift; that Frederick's interest

in the property was the community property of Frederick and defendant; that the deed to plaintiff was voidable at the option of defendant for the reason that she, the wife of Frederick, did not join therein. Defendant likewise alleged that prior to the date of the conveyance she had secured a judgment against Frederick, and that such judgment was a lien on Frederick's interest in the property. Defendant prayed that if the property be sold that she be paid the amount of this judgment. Defendant likewise filed a cross-complaint in which it was alleged that since 1923 Frederick and the defendant owned the property as tenants in common; that the deed by which the property was conveyed to Fredcrick and defendant "creates an estate by the entirety"; that Frederick's interest in the property conveyed to his mother was community property; that plaintiff and Frederick conspired to defraud defendant of her interest in · the community property. By her cross-complaint defendant prayed that the deed to the plaintiff be canceled. No mention was made in the cross-complaint of the alleged judgment lien set forth in the answer. Plaintiff failed to answer the cross-complaint and her default was entered in November, 1928. In January, 1930, the plaintiff filed an amended complaint, and later a supplemental amended complaint, in which the allegations of the original complaint are substantially re-alleged, and in addition it is alleged that defendant herein has collected the entire rentals from the premises since February 11, 1928, and plaintiff requests that she be reimbursed to the extent of one-half out of the proceeds from the sale of the premises. The defendant duly answered these amended pleadings.

After a trial on the merits the trial court found that the property was purchased by defendant and Frederick in 1923 with community funds; that on February 11, 1928, Frederick and the defendant owned the property "as joint tenants and not as tenants in common"; that on February 11, 1928, Frederick conveyed to the plaintiff his interest in the property by way of gift; that plaintiff and defendant were the owners respectively of an undivided one-half interest in the property as tenants in common. The court determined that the property was incapable of physical partition and ordered the premises sold and the proceeds divided as set forth in the judgment.

On this appeal it is urged that inasmuch as the property was purchased with community funds the interest of the husband therein was community property. Defendant contends that since the property was so purchased, and the deed taken in the name of husband and wife as joint tenants, she owned her interest therein as her separate property, and her husband's interest was community property. ■ This court has recently determined that in the absence of any evidence of an intent to the contrary, when property is purchased with community funds and the title is taken in the name of the husband and wife as joint tenants, the community interest must be deemed severed by consent, and the interest of each spouse therein is separate property. (*Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003].) That case is determinative on this issue on the present appeal. ■ It therefore follows, of course, that Frederick had the power to convey his separate estate by way of gift or otherwise without the approval or consent of his wife. It also follows that upon such conveyance the joint tenancy was terminated and the plaintiff and defendant became tenants in common, each the owner of an undivided one-half interest in the property. ■ The contention that a joint tenancy deed between husband and wife creates an estate by entirety is without merit, no such estate being recognized in this state. (*Swan* v. *Walden,* 156 Cal. 195 [134 Am. St. Rep. 118, 20 Ann. Cas. 194, 103 Pac. 931].)

■ Appellant also contends that the trial court committed error in that it failed to make any finding in reference to the judgment lien which appellant in her answer alleged existed in her favor against the interest of Frederick in the property. The allegations of the answer were, of course, deemed denied. Section 761 of the Code of Civil Procedure requires, in an action for partition, that when "it appears to the court" that there are liens against the property, the rights of the lienholders must be protected. Appellant contends that failure to find on this issue constitutes reversible error. This contention is without merit. As already pointed out, this appeal is on the judgment-roll alone. None of the evidence produced in the trial court is before us. ■ It is elementary that it is incumbent upon the appellant to show error by the record on appeal. Every presumption is in favor of the correctness of the rulings and decision of the

trial court. When an appeal is perfected on the judgment-roll alone we must assume that all of the findings of the lower court are amply sustained by the evidence. Even though it appears that the trial court failed to find on an issue raised by the pleadings, error cannot be predicated on such failure in the absence of a record showing that evidence was introduced on such issue sufficient to sustain a finding on behalf of appellant. (2 Cal. Jur. 525, sec. 262.) ■ In order to warrant the reversal of a judgment for failure to find on an issue it must be shown by the *record on appeal* that evidence sufficient to sustain a finding for the complaining party was introduced. (24 Cal. Jur. 947, sec. 189.) No such record has been presented. We must assume, therefore, that had a finding been made on the issue it would have been adverse to appellant.

■ The taking of the default by appellant on her cross-complaint in no way affects the validity of the judgment rendered after a trial on the merits. The record in no way shows that appellant objected to the trial, and in the absence of a record to the contrary we must assume in support of the judgment that defendant waived the default.

For the foregoing reasons the judgment appealed from is affirmed.