[L. A. No. 12807. In Bank.—December 22, 1932.]

In the Matter of the Application of MINNIE KESSLER, as Administratrix, etc., for Termination of Joint Tenancy.

Calvin H. Taylor, Edwin Camach and F. A. Waters for Petitioner.

C. A. Lindeman for Respondent.

LANGDON, J.—This is an appeal from a decree terminating a joint tenancy. H. J. Horstman and Laura V. Horstman were husband and wife. All real and personal property acquired by them prior to May 19, 1929, was through their earnings after marriage, and hence, in its origin, community property. With certain minor exceptions, however, the ownership in such property was evidenced by deeds, bank accounts, and assignments of promissory notes and certificates of stock to the parties "as joint tenants", or "as joint tenants, with full rights of survivorship". H. J. Horstman died intestate May 19, 1929, leaving no father, mother or lineal descendants. Shortly afterwards, on June 24, 1929, Laura V. Horstman died intestate, leaving no father, mother or lineal descendants. Petitioner is administratrix of the estate of Mrs. Horstman. She applied for and received a decree terminating the joint tenancy interest of the deceased husband, on the theory that the property vested in the wife by right of survivorship upon his death, and that upon her death, her heirs (a sister and a brother) were entitled thereto. The appellants are the next of kin of the deceased husband (two sisters, a nephew and a niece). They contend that the property was community; that upon the death of the husband intestate it vested in the surviving wife under section 1401 of the Civil Code (now section 201 of the Probate Code); but that upon her death, leaving no father, mother or lineal descendants, only one-half should

have gone to the heirs of the deceased wife, and the other one-half should go to the heirs of the previously deceased husband, by virtue of former section 1386, subdivision 8, of the Civil Code (now section 228 of the Probate Code).

The controlling question is whether the taking and holding of community property by husband and wife as joint tenants changes the character of such property. The contention of appellants that its community character is left unchanged is answered in the case of *Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003], wherein this court held that in such a case a true joint tenancy is created in which the interest of each spouse is separate property. (See, also, *Delanoy* v. *Delanoy*, 216 Cal. 23, 27 [13 Pac. (2d) 513, 719]; 20 Cal. Law Rev. 546.) It necessarily follows that as to all of the property involved herein which was held by the parties as joint tenants, the wife succeeded to the husband's separate interest by right of survivorship, and upon her death, her heirs alone were entitled to share therein.

Appellants raise some question as to the correctness of the court's findings with respect to certain items: First, an undivided $2,500 interest in a $90,000 note; second, an undivided $7,000 interest in a $70,000 note, and third, $1179.54 which was on deposit in a bank in the name of the wife. There was, in the case of these notes, no assignment of the interests to the husband and wife as joint tenants; but the notes were payable to the order of American Mortgage Company, and said company had sent written notification setting forth their interests "to Mr. H. J. Horstman & Mrs. Laura V. Horstman, his wife, as jt. ten.". Moreover, these notes had been obtained by giving up other notes which originally had been assigned to the husband and wife "as joint tenants with right of survivorship". This evidence was, we think, ample for the court to draw its conclusion that they were held, as was practically all of the property of the parties over a period of years, in joint tenancy. As to the bank account, the court found that $579.54 was still community property, and no attack is made on this finding by petitioner. The balance, $600, represented interest paid by the maker on one of the notes held in joint tenancy, and the court was justified in finding, as with the above-mentioned notes, that the proceeds took on the character of the property with which they were acquired, and were

consequently held in joint tenancy. (See *Estate of Harris,* 169 Cal. 725 [147 Pac. 967].)

The judgment is affirmed.

Preston, J., Curtis, J., Tyler, J., *pro tem.,* Seawell, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.