[Civ. No. 1521.  Fourth Appellate District.—December 7, 1934.]

VALERA CHAMBERLAIN, Respondent, v. LEO R. CHAMBERLAIN, Appellant.

Lawrence Paul Scherb and W. A. Deans for Appellant.

Joseph Mayer for Respondent.

JENNINGS, J.—Plaintiff instituted this action against her husband for the purpose of securing a decree of divorce. In her amended complaint she alleged that certain real property therein described had been conveyed to her and the defendant as joint tenants after their marriage and that certain described personal property was community property. The prayer of the pleading was for a dissolution of the marriage and for a division of the community property in such manner as the court might justly decide. Upon the conclusion of the trial the court found that all facts alleged in plaintiff's amended complaint were true, that she was entitled to a decree of divorce from defendant, that she had a joint interest with defendant in the real property described in the amended complaint, and that she was entitled to a half-interest in the community property described in the amended complaint. In accordance with these findings an interlocutory judgment of divorce was entered wherein it was adjudged that plaintiff was entitled to a divorce and it was ordered that the community property "as set forth in plaintiff's amended complaint be divided equally between plaintiff and defendant". It was further adjudged that the plaintiff and defendant each have an equal half-interest in the real property described in plaintiff's amended complaint. From the decree thus made and entered the defendant has prosecuted this appeal. Although the notice of appeal given by the defendant specifies that the appeal is taken from the whole of the judgment no attack is made upon that part of the decree whereby the court adjudged that plaintiff is entitled to a divorce from the defendant, the attack being limited to those portions of the decree whereby it is adjudged that plaintiff has an undivided one-half interest in the real property and that the community property de-

scribed in the amended complaint shall be divided equally between the parties.

In support of the appeal it is first contended that the trial court's finding that respondent has a joint interest with appellant in the real property is entirely lacking in evidentiary support and that the decree in so far as it adjudges that each party to the action has an equal half interest in such real property is therefore erroneous.

Examination of the record herein indicates that the evidence with respect to the ownership of the real property which was presented to the trial court was conflicting. In support of the finding of joint tenancy certain documentary evidence was produced. This evidence consisted of a grant deed, an agreement for the sale of real estate and a bargain and sale deed. The first of the above-mentioned documents was executed subsequent to the marriage of appellant and respondent. By this deed Nathan Horn and his wife conveyed an undivided one-half interest in the land to T. N. Boner and Fannie Boner, as joint tenants, and the remaining undivided half-interest to L. R. Chamberlain and Valera Chamberlain, his wife, as joint tenants. The second instrument was executed on April 14, 1925, between T. N. Boner and Fannie Boner, denominated the "seller" and L. R. Chamberlain and Valera Chamberlain designated as the "buyer". By it T. N. Boner and Fannie Boner agreed to sell and convey to L. R. Chamberlain and Valera Chamberlain an undivided one-half interest in the real property and to execute and deliver to the last-named parties "a good and sufficient deed of grant, bargain and sale to them as joint tenants with the right of survivorship". The third instrument was a bargain and sale deed which was executed on August 10, 1926. By this deed T. N. Boner and Fannie Boner granted and conveyed to L. R. Chamberlain and Valera Chamberlain, husband and wife, as joint tenants, and not as tenants in common, and to the survivor of them an undivided one-half interest in the real property.

To offset the effect of the above-described evidence appellant offered his own testimony, the substance of which was that he did not understand the legal effect of the instruments and did not intend that respondent should thereby acquire any interest in the real property the purchase price of which was paid entirely from his own separate funds and

that respondent had agreed that she would convey her interest in the property at any time he so desired.

It is appellant's contention that his testimony, as above outlined, was not contradicted in any material respect, that it therefore established a *prima facie* case in his favor and should have been controlling upon the trial court.

With this contention we cannot agree. Concededly, the legal effect of the above-mentioned documentary evidence produced by respondent was to establish that respondent and appellant owned the real property in joint tenancy. Certainly if no evidence other than these instruments had been submitted the trial court could not have properly decided other than it did. Appellant's testimony was introduced to rebut the legal effect of the documentary evidence produced by plaintiff. However, the trial court was not obliged to accept the explanation offered by appellant and to decide that it overcame the legal effect of the deeds and of the agreement for the sale of the property. Respondent's documentary evidence created a presumption that the legal title to the property was in respondent and appellant as joint tenants in accordance with the plain language of the deeds. Appellant sought to overcome this presumption by the testimony which he himself offered. It remained for the trier of facts to decide whether the proof offered by appellant was sufficient to overthrow the presumption. (*People* v. *Milner*, 122 Cal. 171, 179 [54 Pac. 833]; *Pabst* v. *Shearer*, 172 Cal. 239, 242 [156 Pac. 466]; *Thompson* v. *Davis*, 172 Cal. 491 [157 Pac. 595].) It is obvious that the principle which is here applicable is the very common principle which requires that a finding of a trial court attacked for lack of evidentiary support must be upheld if the evidence respecting the facts specified in the finding is conflicting. Finally, it may be observed that although appellant confidently asserts that the testimony upon which he relies was in no material respect contradicted, it does not impress us as being so clear and convincing of itself as to impel the conclusion that it should have been accepted as a correct explanation by the trial court.

Appellant also attacks the trial court's finding that the personal property described in the amended complaint and alleged to be community property was community property.

The ground of this attack is likewise lack of evidentiary support.

The personal property mentioned in the amended complaint consisted of an automobile, furniture, a leasehold interest in a pool hall including certain equipment, and an unknown amount of cash. The evidence which related to the money showed that appellant and respondent originally had a joint bank account from which respondent drew the sum of $1500 at the time the parties separated and that there then remained in said joint account approximately $2,000, all of which had been expended at the time of trial, and that appellant then had no bank account of any character and was possessed of no funds. ■ As to the other personal property, the record indicates that all of it was purchased by appellant after his marriage to respondent and that the purchase price paid therefor was derived from rentals realized from the real property, which, as above noted, had been conveyed to the parties in joint tenancy. It is apparent that this property which was purchased with funds derived from real property held by the parties in joint tenancy was impressed with the same character of ownership as the real property which furnished the purchase price therefor. (*Estate of Harris*, 169 Cal. 725 [147 Pac. 967]; *In re Kessler*, 217 Cal. 32 [17 Pac. (2d) 117].) The trial court erred in finding that it was community property and in disposing of it as such in the decree. That portion of the decree which orders equal division of the above-mentioned personal property between the parties on the basis that it is community property is therefore reversed. In all other respects the judgment from which this appeal has been taken is affirmed. Upon the going down of the *remittitur* herein the trial court is directed to correct its findings and to modify the decree in accordance with the views which are herein expressed and to make disposition of the above-mentioned personal property in accordance with law. Each party shall bear his or her own costs on appeal.

Barnard, P. J., and Marks, J., concurred.