[Civ. No. 14031.   First Dist., Div. One.   June 8, 1949.]

ESTHER PERDICALIS, Respondent, v. JAMES PERDICALIS, Appellant.

Edward J. Lynch for Appellant.

Joseph G. Gallagher for Respondent.

WARD, J.—Defendant and cross-complainant in a divorce action in which each party alleged cruelty appeals from a "particular part of the judgment . . . awarding and allotting to the plaintiff and cross defendant the real property standing in the joint names of the parties and consisting of a certain lot of land . . . together with the improvements thereon."

█ The only question involved on appeal is whether the court erred in setting aside the entire real property to plaintiff and cross-defendant as community property when the property was obtained by the husband and wife "in joint tenancy."

The appellant husband contends that "The cases all hold that a community estate and a joint tenancy estate cannot exist at the same time in the same property" and that when the parties take as joint tenants each takes a one half interest therein. In support of this contention appellant cites *Taylor v. Talbert*, 134 Cal.App. 595 [25 P.2d 888]; *Siberell v. Siberell*, 214 Cal. 767 [7 P.2d 1003]; *Delanoy v. Delanoy*, 216 Cal. 23 [13 P.2d 513]; *In re Kessler*, 217 Cal. 32 [17 P.2d 117]; *Chamberlain v. Chamberlain*, 2 Cal.App.2d 684 [38 P.2d 790]; *Fox v. Fox*, 18 Cal.2d 645 [117 P.2d 325]; and *In re Rauer's Collection Co.*, 87 Cal.App.2d 248 [196 P.2d 803].

In *Fox v. Fox, supra*, the husband was awarded certain separate property on the ground of extreme cruelty. It was held that only community property may be awarded under such circumstances. *Taylor v. Talbert, supra*, was decided on the theory advanced in *Siberell v. Siberell, supra*. In *Chamberlain v. Chamberlain, supra*, it was held that where there is evidence that title is held in joint tenancy and also evidence that the property was intended to be community property it is for the trial court to determine which line of evidence controls. *In re Rauer's Collection Co., supra*, pertains to a declaration of homestead signed and recorded by a husband and wife containing the following: "That the said real property is *the Community property in Joint-Tenancy* of the Declarants." (P. 251.) In that case the husband testified that they intended the property to be held in joint tenancy rather than as community property. There was other evidence indicating the intent of the parties. The form of conveyance may be considered as some evidence of intent, but it only creates a presumption that may be rebutted by other facts and circumstances. In the Rauer's case the court stated, at page 257: "The question of whether the property remains community property depends upon the intention of the parties when they acquired it."

*Siberell v. Siberell, supra*, standing alone, is of assistance to appellant, but when the holding therein is considered with all that was said in *Tomaier v. Tomaier*, 23 Cal.2d 754 [146 P.2d 905], a different conclusion must be reached. At page 758 in the Tomaier case the following appears: "If the evi-

dence establishes that the property is held as community property, however, it cannot also be held in joint tenancy, for certain incidents of the latter would be inconsistent with incidents of community property.'' Subsequently in the Tomaier decision there is reference to the Siberell, Delanoy and Kessler cases. In discussing the Siberell case the court said at pages 758 and 759, ''The statement that 'The use of community funds to purchase the property and the taking of title thereto in the name of the spouses as joint tenants is tantamount to a binding agreement between them that the same shall not thereafter be held as community property . . .' should be understood as stating the applicable rule, only 'in the absence of any evidence of an intent to the contrary.' (*Delanoy* v. *Delanoy*, 216 Cal. 23, 26 [13 P.2d 513].) In its holding, as distinguished from its language, the Siberell case established only that whether such property is a joint estate or community property, the trial court in a divorce proceeding has the power to divide the property equally. *In re Kessler*, 217 Cal. 32 [17 P.2d 117], was likewise a case where there was no evidence that the property was taken by the spouses as joint tenants with the intention that it remain community property.'' In accord, *La Mar* v. *La Mar*, 30 Cal.2d 898 [186 P.2d 678]; *Tompkins* v. *Tompkins*, 83 Cal. App.2d 71 [187 P.2d 840].

In the present case the court found ''that despite the fact that said property was held in the form of joint tenancy with the right of survivorship that in truth and in fact it was acquired and intended to be held as community property, and was treated as such by the parties since its acquisition.'' There remains only the question of the sufficiency of the evidence to sustain the finding.

Mrs. Perdicalis testified that she married defendant in May of 1916; that four adult children are living; that up to 1932 her husband was in the grocery business, but in that year he lost his business. The Home Owners' Loan Corporation foreclosed a mortgage in 1938 on their former home without equity interest to the Perdicalises. Mrs. Perdicalis succeeded in buying another home and secured a position for her husband as a porter in a hospital. The wife worked several days a week and the children contributed to the general house fund. There is no evidence that any separate funds of either husband or wife were used in the purchase of the home.

''The typical method of acquiring community property

is by the earnings of either the husband or the wife.'' (2 Witkin, Summary of California Law (6th ed., 1946), p. 1433.) The evidence appears to be sufficient to support the finding and in the absence of proof of abuse of discretion an appellate court should not interfere.

The part of the judgment appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 4, 1949. Schauer, J., voted for a hearing.