[Civ. No. 7729. Third Dist. June 17, 1950.]

CATHERINE R. SAUNDERS, Appellant, v. JESSE SAUNDERS, Respondent.

134

Busick & Busick for Appellant.

J. M. Inman for Respondent.

ADAMS, P. J.—On June 4, 1944, Henry Middleton Saunders executed a will in which he set forth that all of the property of his estate was the community property of him and his wife, Catherine Rose Saunders, and in which he confirmed unto his wife her one-half of the community property. The remaining one-half of said estate he bequeathed to various of his own relatives, one of whom, a nephew, he named as executor. Apparently he thus conformed to the provisions of section 201 of the Probate Code which provided, and still provides, that upon the death of either husband or wife one-half of the community property belongs to the survivor and the other one-half is subject to the testamentary disposition of the decedent.

At the time of the execution of the will Saunders and his wife were the owners of an apartment house which had been bought with the earnings of both, and was community property. In April, 1946, this apartment house was sold, and as part of the consideration therefor the buyers executed a promissory note which recited a promise to pay to Henry M. Saunders and Catherine R. Saunders, his wife, "each an undivided one-half interest as separate property," the principal sum of $12,500.

On August 6, 1946, Henry M. Saunders died and his will was thereafter admitted to probate. The aforesaid note was appraised at $11,750. A one-half interest therein was offered for sale. The surviving wife bought such interest, paying therefor the sum of $6,641, and the sale was confirmed to her. When the executor filed his first and final account, in which he asserted that the $6,641 was part of decedent's estate to be distributed to beneficiaries other than the widow, Mrs. Saunders filed written objections asserting that the said money was community property, and that she was entitled to one-half thereof, to wit, $3,320.50 more than the account allowed her. The trial court held that the money which she had paid into the estate was the separate property of the husband, and ordered it paid to the beneficiaries under the will, other than the surviving wife. From the decree of distribution this appeal was taken.

Appellant argues that the note became the community property of the spouses. She then goes on to say that the hus-

band caused a one-half interest in the note to be made payable to appellant as her separate property, and that this constituted a gift to the wife by the husband, wherefore said one-half became her separate property; but that the other one-half remained community property. But in this course of reasoning appellant ignores the wording of the note itself, and also assumes, without any evidence to support such assumption, that the deceased husband caused the note to be worded as it was, and thus made a gift of a one-half interest in the note to her. The only testimony appearing in the record is that of the appellant, which was that the apartment house, in part payment for which the note was given, was acquired during the marriage with the earnings of both husband and wife, and was community property; and testimony of appellant's attorney pertaining to the purchase by appellant, in the probate proceedings, of one-half interest in the note. There is nothing in the record as to the circumstances pertaining to the execution and delivery of the note, and nothing whatever to show that the husband caused same to be worded as it was. Any theory of a gift by the husband to the wife is without support in the record.

The trial court in its decree of distribution referred to the note itself and the provision thereof that it was payable to the payees "each an undivided one-half interest as separate property." The one-half interest which was sold by probate sale, and purchased by appellant, was held to be the separate property of the husband, apparently by reason of the written instrument—the note itself.

We think that the trial court's determination was correct. It has been held in numerous cases that though a written instrument, such as a deed, for instance, has been given, the consideration for which was community property, the terms of that instrument, in the absence of any other evidence, determine the nature of the rights acquired by the grantees. In *Delanoy* v. *Delanoy,* 216 Cal. 23, 26 [13 P.2d 513], the court said: "On this appeal it is urged that inasmuch as the property was purchased with community funds the interest of the husband therein was community property. Defendant contends that since the property was so purchased, and the deed taken in the name of husband and wife as joint tenants, she owned her interest therein as her separate property, and her husband's interest was community property. This court has recently determined that in the absence of any evidence of an

intent to the contrary, when property is purchased with community funds and the title is taken in the name of the husband and wife as joint tenants, the community interest must be deemed severed by consent, and the interest of each spouse therein is separate property. (*Siberell* v. *Siberell,* 214 Cal. 767 [7 P.2d 1003].)''

In *Launer* v. *Griffen,* 60 Cal.App.2d 659, 664 [141 P.2d 236], it was said: ''When property is conveyed to a husband and wife as joint tenants the form of the conveyance is such as to destroy the statutory presumption that the property is community (*Siberell* v. *Siberell,* 214 Cal. 767 [7 P.2d 1003]), and that thereby such deed creates a joint tenancy in which the interests of husband and wife are separate property.''

In *In re Rauer's Collection Co.,* 87 Cal.App.2d 248 [196 P.2d 803], the court held that where property is deeded to husband and wife as joint tenants they are presumed to hold separate interests in the property in joint tenancy, and the fact that it was purchased with community funds does not of itself overcome such presumption.

In *Wallace* v. *Riley,* 23 Cal.App.2d 654, 664 [74 P.2d 800], the legal presumption which arises from joint tenancy deeds was held applicable to a bank account in the names of the spouses as joint tenants.

Of course it does not necessarily follow that the foregoing presumption may not be rebutted and a conclusion reached in a given case, on testimony so rebutting it, that property acquired by a deed by its terms conveying a joint tenancy was in fact community property; but in the absence of testimony so rebutting the presumption arising from the deed itself, the presumption must prevail.

In the case before us we think that a presumption arises from the language of the note that each of the spouses took a one-half interest in the note as separate property, and that the trial court's finding to that effect finds support in the record, and is binding upon this court. In *Estate of Trelut,* 26 Cal. App.2d 717, 723 [80 P.2d 147], and in *Estate of Ades,* 81 Cal. App.2d 334, 337 [184 P.2d 1], it was said that a finding of a trial court that property is either separate or community in character is binding upon an appellate court if supported by sufficient evidence, or based upon conflicting evidence, or on evidence that is subject to different inferences. Also see *Estate of Smith,* 86 Cal.App.2d 456, 472-473 [195 P.2d 842]; *Todd* v. *McColgan,* 89 Cal.App.2d 509, 514 [201 P.2d 414].

We think that the trial judge, in the case before us, was

justified in drawing the inference from the form of the note that the spouses agreed to transmute their community interest in the property sold into equal separate property shares in the note, as they had a right to do; and that the finding of the trial court that they did so, in the absence of evidence to the contrary, cannot be said to be without support in the record.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.