[Civ. No. 20749.   Second Dist., Div. Two.   July 20, 1955.]

RUTH S. SNYDER, Appellant, v. MAX SNYDER, Respondent.

[Civ. No. 20956.   Second Dist., Div. Two.   July 20, 1955.]

MAX SNYDER, Respondent, v. RUTH S. SNYDER, Appellant.

Marshall T. Hunt for Appellant.

Simon Taub for Respondent.

MOORE, P. J.—An action for divorce was filed by Mrs. Snyder on January 4, 1952, to which respondent filed his answer. A reconciliation was effected in the summer. On October 14, 1952, respondent filed his action for divorce which was duly consolidated with that of appellant. Two sets of findings and conclusions were made and two judgments of divorce were awarded *appellant*. Dissatisfied with the court's finding that the equity in the home place is "joint tenancy property," the wife has appealed from the "interlocutory judgments of divorce" which are as follows: (No. 20749) that plaintiff Ruth is entitled to a divorce; that she is awarded the furniture and furnishings in the home and the interest of the parties in the nursery school, but that the home on Collins Avenue is joint tenancy property and not community property; (No. 20956) that judgment be entered by defendant Ruth against Max and that Max recover nothing by reason of his complaint.

The finding in each action with reference to the home is that the "residence at 12252 Collins Avenue, North Hollywood, California, is found to be joint tenancy property and not community property."

Inasmuch as appellant attacks no feature of the judgments other than the finding with respect to the joint tenancy, this discussion will be confined to that issue. Appellant contends that the court ignored the circumstances of the parties from which it could have found that the home was community property despite the fact that its title stood in joint tenancy.

Respondent counters with the arguments (1) that property acquired in joint tenancy "with separate funds of the parties is presumed to be joint tenancy, unless there is evidence to the contrary; (2) that a verdict will not be disturbed if there is any evidence to support it."

The parties separated January 2, 1952, but in the following June a reconciliation was effected and they purchased a home on Collins Avenue. To make the down payment, respondent paid out of his separate funds $2,674.03 and borrowed $2,000 from a Texas bank. Appellant added $1,400 she had remaining out of the $3,000 she withdrew from their joint account when they separated in January. To these sums they added $1,000 which they borrowed on their joint account and the total was applied to the cash payment on the home. Notwithstanding that the husband invested over $2,600 of his separate money in the home, and $2,000 for which he had become personally responsible, and that Mrs. Snyder paid only

$1,400, he consented to place the title in joint tenancy. Such device vested each spouse with a half interest in the home (Civ. Code, §§ 161, 683) with right of survivorship in the entire property.

Now that the marriage is terminated, appellant desires to recover the home, or to have a partition thereof on the theory that it is community property. The record discloses no proof of a mutual intention of the parties that it should be a part of the community estate. The circumstances indicate that their mutual intention was otherwise. They were married November 3, 1949, remained together only 14 months before the wife sued for divorce. Though reconciled in June, 1952, they again separated in September. Not only was the title of the home taken in joint tenancy, but the behavior of the parties does not indicate that they would have desired the home to be community property. On the contrary, the facts argue that both might, in the future, prefer to keep their holdings separate. Especially is this true with respect to the husband. Not only had appellant been impecunious towards him but neither herself nor her children had been courteous or respectful to respondent. Under such circumstances, the finding of a ''joint tenancy'' title is a rational determination of that issue. It is supported by the deed itself which conveyed the property ''in joint tenancy.'' ■ Such a deed may rebut the presumption that property acquired after marriage, except by gift or inheritance, is community. ■ Also, it raises the presumption that the property is held in joint tenancy, thereby imposing upon the party contending that it is community to prove such to be the fact. (*Edwards* v. *Deitrich*, 118 Cal.App.2d 254, 260 [257 P.2d 750].) ■ Whether the evidence is sufficient to overcome the presumption of joint tenancy arising from the writing itself is a question of fact for the court's determination. (*Gudelj* v. *Gudelj*, 41 Cal.2d 202, 212 [259 P.2d 656].) Where there is substantial evidence to sustain a finding by the trial court, this court will not substitute its own conclusions. (*Fischer* v. *Keen*, 43 Cal.App.2d 244, 250 [110 P.2d 693].) ■ Not only is the finding justified by the form of conveyance, but the conduct of the parties, prior and subsequent to their reconciliation indicates a drifting apart. The home was a stormy household while respondent abode there. Heated arguments supplanted serenity and antagonistic concepts rebuffed good will. The trial court must have been persuaded that the parties, under such circumstances, were not likely to

transmute separate property into community. The evidence abundantly warrants the finding.

In dissolving a marriage, the court's jurisdiction does not extend to the separate property of either party, neither has it the power to divide property held in joint tenancy, notwithstanding it may award community property and the homestead. (*Conard* v. *Conard,* 5 Cal.App.2d 91, 93 [41 P.2d 968].) Therefore, the finding that the home was held in joint tenancy will not be disturbed. (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183]; *Juchert* v. *California Water Service Co.,* 16 Cal.2d 500, 503 [106 P.2d 886]; *Ward* v. *Ward,* 15 Cal.2d 234, 237 [100 P.2d 773].)

Judgments affirmed.

McComb, J., and Fox, J., concurred.