[Civ. No. 8805.   Third Dist.   Dec. 21, 1956.]

MILDRED E. HURT, Respondent, v. GILES R. JONES, Appellant.

Smith & Parrish and John W. Holmdahl for Appellant.

Marshall Rutherford for Respondent.

PEEK, J.—This is an appeal from a judgment quieting plaintiff's title in certain real property "subject to the interest of CARL WILSON" and decreeing that defendant has no right, title or interest therein.

On April 26, 1948, Opal A. Jones, now deceased, the mother of plaintiff, married defendant. At the time of their marriage Mrs. Jones had certain separate property consisting of a bank account in her name and that of her brother, Carl Wilson, as joint tenants, and a $5,000 loan due her from him. Approximately two years thereafter she drew a check on that account in the sum of $8,727.33, which check was deposited in a new account she opened in her name and her brother's as joint tenants. Shortly prior to the opening of that account, decedent and her husband entered into a contract to purchase certain real property in Lake County, that being the property here in question. Pursuant to a letter of instruction to the title company, title to the property was taken in the names of "Opal A. Jones and Giles R. Jones, as joint tenants." The down payment thereon was made by checks drawn by her on the joint account of her and her brother. The balance of the purchase price which was secured by a note and deed of trust was subsequently paid out of funds received as earnings from the sale of the walnut crop raised on the Lake County property.

Approximately two and one-half years after the purchase of the property Mrs. Jones became critically ill. While in the

hospital she requested Mr. Wilson (her uncle), with the assistance of plaintiff, to draft the following instrument which was executed by plaintiff, defendant and Mrs. Jones before two witnesses and a notary public:

"To Whom It May Concern:

"It is hereby agreed by all parties directly interested, and witnessed by parties whose signatures appear at the bottom of this document that property situated in Lake County on Mount Knockti consisting of sixteen acres of walnuts now in joint tenancy of Giles R. Jones or Opal A. Jones shall be under supervision and use of Giles R. Jones as long as he lives, then said property to go to Mildred E. Hurt, daughter of Opal A. Jones.

"In the event that it be to the advantage of Mildred E. Hurt and Giles R. Jones to sell this property, he shall confer and come to an agreement with Mildred E. Hurt before this property can be sold.

"This aforementioned property was purchased with money belonging to Opal A. Jones before her marriage to Giles R. Jones.

"This document is not to be superceded by any other will or document in case of remarriage of Giles R. Jones, or children born of that marriage, or in consideration of his sons or children now living by a previous marriage.

Signed: Opal A. Jones
Giles R. Jones
Mildred E. Hurt.
Witnessed by: Mrs. Kathryn Williams
Mrs. Lucretia White

San Francisco, California
September 26th, 1952"
(Notarial affidavit and seal attached.)

A short while after the execution of the above document, Mrs. Jones executed and delivered to the plaintiff a deed purporting to transfer all of the 16 acres. The trial court found that the quoted instrument conveyed no interest in the property to defendant; that neither Mrs. Jones nor Carl Wilson had made a gift thereof to him; and that the plaintiff was the owner in fee simple of the property subject to the interest therein of Carl Wilson. Judgment was entered accordingly.

Defendant's position on appeal is essentially that notwithstanding the purchase of the property with the wife's separate funds, the surrounding circumstances clearly show her

intention to effectuate a valid joint tenancy with him in the property; that if any validity be given to the document signed while decedent was in the hospital, then defendant was given a life tenancy thereby, but if that document was ineffectual to convey any interest, then by virtue of the deed by decedent to plaintiff, he and plaintiff are tenants in common of the property.

The form of the instrument under which spouses hold title is not conclusive as to status of the property, and property acquired under a joint tenancy deed may be shown to be actually community property or the separate property of one spouse according to the intention, understanding or agreement of the parties.     The question as to whether the evidence is sufficient to rebut the presumption that the husband and wife are joint tenants is one of fact, but the presumption cannot be rebutted solely by evidence concerning the source of the funds used to purchase the property, nor can it be overcome by testimony of a hidden intention not disclosed to the other grantee at the time of the execution of the conveyance. (*Gudelj* v. *Gudelj*, 41 Cal.2d 202, 212 [259 P.2d 656].)

In this case the record lacks evidence of any mutual understanding or agreement between Opal and Giles to negate the express terms in the joint tenancy deed, and hence the finding of the trial court that he was not to receive a gift from her is not sustained by the evidence. In the absence of such evidence the trial court must find in accordance with the presumption of joint tenancy.     The evidence respecting the purchase of the property shows that from the beginning there was a definite intent to take title in both names as joint tenants. This was expressed not only in the actual taking of title in both names as joint tenants, but also was expressed in the written deposit receipt given to the real estate agent as well as the letters of instruction to the title company, all of which were jointly signed by Giles and Opal.

Furthermore the record establishes that the decedent, having had a number of joint tenancy accounts, was not unfamiliar with joint tenancies. Also, in the document of September 26, decedent acknowledged the defendant's right of survivorship in that the agreement specifically recited that the property was held in joint tenancy.

Defendant's final contention relates to the interpretation placed upon the document of September 26. Suffice it to say that the conclusion of the trial court that said instrument

created no interest in the defendant is amply supported by the record.

Any attempted adjudication in favor of or against Carl Wilson, who was not a party in this action, cannot be given effect for any purpose, and the trial court improperly included his name in the judgment as rendered.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.