[Civ. No. 17508. First Dist., Div. Two. Sept. 16, 1957.]

MILDRED A. BORGERDING, Respondent, v. DOMENICK MUMOLO, Appellant.

Lawlor, Veres & McKibben and Eugene K. Lawlor for Appellant.

W. I. Follett for Respondent.

KAUFMAN, P. J.—This is an appeal from an interlocutory judgment and decree of the Superior Court of Alameda County which determined that appellant and respondent are the owners in joint tenancy of certain real property and are entitled to a partition and sale thereof. Appellant Domenick Mumolo and respondent Mildred A. Borgerding were married in February 1946, and separated in June 1954. The final decree of divorce rendered on January 25, 1956, disposed of the property of the parties, but left unmentioned the two parcels of real property involved in this suit initiated by the respondent. Parcel One is a lot and dwelling house, the former marital home of the parties, located in Berkeley. This parcel was acquired on June 27, 1947, by a deed to appellant and respondent as joint tenants for the sum of $9,500, of which appellant had borrowed $1,500 from respondent in order to make the necessary down payment of $3,300 and acquire some furnishings. Parcel Two is a lot and six unit apartment house located in Albany, and held by the parties as income property. This parcel was acquired on April 15, 1953, by a deed to appellant and respondent as joint tenants for the sum of $33,000, of which $7,000 was a note and deed of trust signed by both parties which was a first lien on Parcel One, and two additional notes totalling $20,750 signed by both parties; the remainder of the purchase price was paid out of the proceeds of separate property owned by the appellant before marriage.

The only contentions on appeal are that the evidence does not support the following findings and conclusions of law made by the trial court:

(1) That the parties owned an undivided one-half interest in the fee of Parcel One and Parcel Two.

(2) That the parties intended the property to stand in joint tenancy in their names, and not merely as a convenience to the appellant for the purpose of financing.

(3) That the appellant did not own Parcel One as separate property subject only to respondent's claim of only $1,500.

(4) That appellant contributed $6,500 of his separate property toward the purchase of Parcel Two.

(5) That both parcels of property and furnishings are so situated that partition cannot be made without great prejudice and therefore it is to the best interest of the parties that both parcels of real estate and the furnishings be sold.

██ As to appellant's first three contentions, the deeds to both Parcel One and Parcel Two conveyed the respective properties to "Domenick Mumolo and Mildred A. Mumolo, his wife, as joint tenants." The form of the deeds raised a rebuttable presumption that the property was, in fact, held in joint tenancy. (*Jones* v. *Jones,* 135 Cal.App.2d 52 [286 P.2d 908]; *Perkins* v. *West,* 122 Cal.App.2d 585 [265 P.2d 538]; *Edwards* v. *Deitrich,* 118 Cal.App.2d 254 [257 P.2d 750]; *King* v. *King,* 107 Cal.App.2d 257 [236 P.2d 912]; *Chamberlain* v. *Chamberlain,* 2 Cal.App.2d 684 [38 P.2d 790]; *Tomaier* v. *Tomaier,* 23 Cal.2d 754 [146 P.2d 905]; *Delanoy* v. *Delanoy,* 216 Cal. 23 [13 P.2d 513].) Even if the money used to purchase the property was separate property, an inference of gift is raised. (*Snyder* v. *Snyder,* 134 Cal. App.2d 445 [286 P.2d 362]; *Cox* v. *Cox,* 82 Cal.App.2d 867 [187 P.2d 23].) ██ Furthermore, in *Gudelj* v. *Gudelj,* 41 Cal.2d 202, our Supreme Court said at page 213 [259 P.2d 656], ". . . unless there is an oral or written agreement as to the ownership of property, or such an understanding may be inferred from the conduct or declarations of the spouses, a true joint tenancy is created by a conveyance to husband and wife in that form, although the property is purchased with community funds . . ., or with the separate funds of the husband . . ." Appellant's argument in essence is that he has produced substantial evidence to rebut the presumptions arising from the face of deed as to Parcel One and Parcel Two, and that the parties never intended to hold Parcel Two in joint tenancy. He seeks to bring himself within the rules of cases such as *Huber* v. *Huber,* 27 Cal.2d 784 [167 P.2d 708], where there was evidence, in addition to the deed, that title had been taken in joint tenancy merely as a matter of convenience, and cases such as *Tilden* v. *Tilden,* 81 Cal.App.

535 [254 P. 310]; *Perdicalis* v. *Perdicalis,* 92 Cal.App.2d 274 [206 P.2d 650]; *Duncan* v. *Suhy,* 378 Ill. 104 [37 N.E.2d 826]; *Hurt* v. *Jones,* 147 Cal.App.2d 164 [304 P.2d 786]; *Cosler* v. *Norwood,* 97 Cal.App.2d 665 [218 P.2d 800]; and *Socol* v. *King,* 36 Cal.2d 342 [223 P.2d 627], which merely state that other evidence may be considered by the trial court in determining whether a joint tenancy was, in fact, created. In the instant case, both the appellant and respondent testified at length, and the trial court found that the appellant had not to its satisfaction been able to overcome the above presumptions. █ It is axiomatic that it is not for this court to weigh the evidence and determine where the preponderance lies; our power begins and ends with a determination as to whether there is any substantial evidence to support the findings and conclusions reached below. (*Primm* v. *Primm,* 46 Cal.2d 690 [299 P.2d 231]; *Estate of Harvey,* 143 Cal.App. 2d 368 [299 P.2d 712].) Appellant testified that he did not know how to read or write and had relied on the real estate agent and his wife as to the proper form for drawing up the deeds and the escrow instructions which he signed, and that when he signed the escrow instructions, he didn't pay any attention to their contents and never checked them or the deed again. He also testified that the respondent made no misrepresentations and participated in the transaction for the purchase of Parcel One. He stated that Parcel One was bought because the parties needed a larger home and that they had no written or oral agreement regarding the status of the property. However, the appellant subsequently testified that he could and did read letters and real estate advertisements and that he was very experienced in buying and selling real estate while his wife was not. He also admitted that he knew the deed to Parcel Two was in joint tenancy and did not read it very carefully, and that he accepted the benefits of the joint tenancy deed and intended to take whatever the deed conferred upon him.

█ As to Parcel One, he testified that he knew if he died, all of Parcel One would belong to his wife and that, "In case of my death, I thought it was doing the right thing that she should take care of my kids . . ., and I felt that I was doing the right thing. I trusted her. I never had no reason not to mistrust her." As pointed out in *Tilden* v. *Tilden,* 81 Cal. App. 535 [254 P. 310], the intention at the creation of the deed is the controlling factor. The above statements of the

appellant as to Parcel One are clearly indicative of an intent consistent with the form of the deed in joint tenancy.

As to Parcel Two, the appellant's testimony indicated that when the respondent signed the promissory notes in the amount of $33,000 for the acquisition of Parcel Two, he did not indicate to her that her interest in the properties was to be a limited one. "I never told her nothing." From his statement that he was buying the property with his money, from respondent's statement at the time of the signing of the notes, "I don't want to get involved in that . . . You're buying it," and from her refusal at a subsequent date to collect the rents on Parcel Two when she said, "You bought that. That's yours. That's your affair," he seeks to establish an indication of intent that the property is his separate property, or in the alternative a subsequent agreement to that effect.

The appellant also testified that during the period before and after the acquisition of Parcel Two, the respondent worked and contributed about $15 a week toward the support of the household, and that her earnings were in a joint account, as were some funds acquired by the appellant from the sale of his separate property. ■ Whether there is evidence sufficient to rebut the presumption of joint tenancy is an issue of fact for the trial court, but the presumption cannot be rebutted solely by evidence concerning the source of funds used to purchase the property. (*Gudelj* v. *Gudelj*, 41 Cal.2d 202 [259 P.2d 656].) ■ "It is the rule that in order that property may be converted from one form to another there must be relevant evidence of an agreement to that effect. The mere fact one of the parties has a mistaken belief about the nature of the property, or has an intent uncommunicated to the other spouse about converting the property from one form to another . . . will not rebut the presumption raised by the form of the deed." (*Edwards* v. *Deitrich*, 118 Cal.App.2d 254 at pp. 260, 261 [257 P.2d 750].)

The record here fails to reveal any evidence of mutual understanding or agreement between the appellant and respondent to negate the express terms in the joint tenancy deed to Parcel Two. In the absence of such evidence, the trial court correctly found in accordance with the presumption of joint tenancy as to Parcel Two.

As to appellant's fourth contention that the evidence does not support the findings that appellant contributed only $6,500 toward the $33,000 purchase price of Parcel Two, we think that in view of the appellant's testimony that he did not keep

very accurate records of the rents received and maintenance expenses of Parcel Two, and his very confusing testimony as to the precise amount he contributed toward the purchase of Parcel Two, and the source of such amount, the trial court was not bound to accept his testimony. ■ Even uncontradicted testimony that the purchase price of property was paid entirely from the husband's own separate funds has been held insufficient to offset the effect of a joint tenancy deed. (*Chamberlain* v. *Chamberlain*, 2 Cal.App.2d 684 [38 P.2d 790].)

■ There is also no merit in appellant's final contention that the evidence does not support paragraphs 9 and 10 of the judgment ordering partition and sale of the furniture and furnishings, the rule is that "in order to warrant the reversal of a judgment for failure to find on an issue it must be shown by the record on appeal that evidence sufficient to sustain a finding for the complaining party was introduced." Appellant admits that no testimony regarding the necessity for a sale of the personal property was introduced. ■ Furthermore, the record reveals that at the end of the trials both parties stipulated that the court could view the properties in question in order to determine whether the properties could be partitioned or had to be sold. The court expressly stated that ". . . the court has viewed each of the parcels of realty and will find and conclude that both parcels are so situated that partition cannot be made without great prejudice to the owners (Code Civ. Proc., §§ 752, 763) and that a sale should be ordered." On appeal we must assume that the conditions seen at the time of the inspection and the inferences based thereon support the findings. (*Summers* v. *Parker*, 119 Cal. App.2d 214 [259 P.2d 59]; *Delanoy* v. *Delanoy*, 216 Cal. 23 [13 P.2d 513].)

It is our view that the judgment and findings find ample support in the record before us.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 13, 1957.