[Civ. No. 22289.   Second Dist., Div. Three.   Nov. 12, 1957.]

ROBERT E. SCHERB et al., Respondents, v. DOROTHY L. NELSON, Individually and as Executrix, etc., Appellant.

Fred W. Chase for Appellant.

F. Walter French for Respondents.

SHINN, P. J.—The mother of plaintiffs, Josephine, married Charles A. Bromfield in 1917. She was then a widow and the owner of several parcels of real property. She died in 1944 leaving a will which was admitted to probate on the petition of Charles, who was named as sole beneficiary and who took distribution of the entire estate. Charles died in 1953. He left a will which gave a third cousin, defendant Dorothy L. Nelson, the greater part of his estate and left plaintiffs nothing. His estate is now in course of administration and Dorothy is acting as executrix.

The purpose of the present action is to have a trust impressed upon the property which Charles took by distribution of Josephine's estate and which was owned by him at the time of his death. The material allegations of the complaint are that at the time Josephine made her will, she and Charles, with the knowledge and consent of plaintiffs, made an oral agreement that each would make a will naming the other as sole beneficiary and providing that if the latter should not be living plaintiffs would be the sole beneficiaries. It was further agreed that the respective wills would at all times be and remain in full force and effect. At the request of Josephine and Charles wills were prepared by Lawrence Scherb. Josephine kept her promise; Charles made a will, as agreed, but in 1950 made another will, as mentioned above, without the knowledge or consent of plaintiffs. The court found the allegations of the complaint to be true and rendered judgment impressing a trust upon the property. Dorothy L. Nelson, individually and as executrix, appeals.

The grounds of appeal are (1) insufficiency of the evidence; (2) error in the admission of testimony given by Lawrence Scherb, and (3) that judgment should not have been rendered against Nelson as executrix.

Lawrence Scherb is an attorney; Robert is a physician; their uncle, David J. Crikelair, is a brother of Josephine. All three testified on the subject of the oral agreement. Both Lawrence and Robert testified that their mother, in the presence of Charles, stated that she and Charles had agreed to make mutual wills which would name the other as beneficiary and that by the wills all the property of the survivor would go to the plaintiffs and that Charles stated that they had made this agreement. David Crikelair testified that after the death of Josephine, in conversations with Charles, the latter stated to him that he had made an agreement with Josephine that he would leave his estate by will to the plaintiffs. The

testimony of these witnesses was explicit and the terms of the agreement of Josephine and Charles as stated by them were definite and clearly expressed. Moreover, there were significant circumstances which added materially to the testimony of the witnesses. In 1945 Charles wished to make a new will which would divide $2,000 among certain of his relatives. He asked Lawrence whether this would be agreeable to him and Robert and was informed that they approved. Lawrence prepared such a will and sent it to Charles. In 1945 Lawrence owed Charles a balance of some $400 upon a promissory note for $1,300 which he had borrowed from Charles. In discussing the balance of the loan Charles forgave the indebtedness, stating that Lawrence would get the money upon his death. Although plaintiffs and Charles had always maintained friendly relations Charles ceased to communicate with plaintiffs and was distant and abrupt in his conversations with Lawrence when called by telephone. When the estate of Josephine's mother was distributed, after the death of Josephine, there was due as Josephine's share a balance of $1,052 which the executor, Dave Crikelair, wished to pay to Lawrence and Robert. Charles was willing to divide the money three ways but Lawrence insisted that it go to Charles in compliance with his mother's agreement and he sent the check to Charles. Attached to the last will of Charles was a note reading: "4-20-53 To Whom It May Concern. It is my wish that under no circumstances are the Scherbs to be notified of either my illness or death. (Signed) Charles A. Bromfield." Charles had given Dorothy Nelson oral instructions to the same effect but the latter was not willing to obey them unless they were in writing. As a result Lawrence and Robert did not learn of the death of Charles for about two years after it had occurred.

The argument as to the sufficiency of the evidence does not challenge the testimony of the witnesses as being devoid of evidentiary value. It is asserted that the court should have found that Josephine and Charles merely agreed to make their wills in certain terms and that there was no understanding that they would not be revoked and other wills made. ■ It is not our province to revalue the inferences deducible from the evidence.

■ It is contended further that evidence of a statement and agreement of a person since deceased is weak evidence, and must be clear and convincing to be acceptable as sufficient proof of the making of the statement or agreement. But

the argument is unavailing at this stage of the litigation. The rule is for the trier of fact. (*West* v. *Stainback*, 108 Cal.App. 2d 806, 816 [240 P.2d 366]; *Barry* v. *Beamer*, 8 Cal.App. 200, 207-208 [96 P. 373].) ██ When a witness testifies to a fact as of his own knowledge and the trier of fact believes he has told the truth, the testimony is necessarily convincing as to the existence of the fact. The learned trial judge believed the testimony of the plaintiffs and their uncle, and with good reason. It is suggested that if it had been the intention of Josephine that her sons would ultimately receive her estate she could have given Charles a life estate with remainder to the sons. True, but the reasonable inference is that she would have given Charles but a life estate if she had not trusted him to keep his agreement. Particularly significant are the circumstances we have related, namely, Charles' asking the consent of the sons to make provision for some of his relatives, his forgiving the debt of Lawrence and the latter's refusal to take any part of his grandmother's estate. Charles' change of attitude toward his stepsons and his unwillingness to have them advised of his illness or death reasonably indicated that he did not intend to keep the promise he had made with Josephine. The evidence, in our opinion, admitted of no reasonable interpretation or conclusion contrary to those of the trial court.

██ When two persons execute mutual wills, pursuant to an oral contract, and one of the parties dies before one of them revokes his will, and the survivor accepts the benefits of the decedent's will and then revokes his own will, a constructive fraud, sufficient to raise an estoppel, has been practiced on the first decedent and on the beneficiaries of the oral contract; the intended devisees and legatees are entitled to enforce their rights as beneficiaries under the contract. (*Brown* v. *Superior Court,* 34 Cal.2d 559, 563-564 [212 P.2d 878].)

When Lawrence Scherb was questioned as to his conversations with Josephine and Charles respecting preparation of the wills and the purpose they desired to accomplish, an objection was made that the statements of the parties were privileged because Lawrence was to act as the attorney for both in the preparation of the wills. The objection was overruled. No authority is cited in the briefs of defendant upon this claim of error. ██ The law is that statements made by the parties to an attorney in the presence of each other, respecting an agreement they have made or are making with

each other are not privileged. (*Harris* v. *Harris*, 136 Cal. 379, 384-385 [69 P. 23]; *Piercy* v. *Piercy*, 18 Cal.App. 751, 761 [124 P. 561]; 27 Cal.Jur. 53-54; *Leitch* v. *Gay*, 64 Cal. App.2d 16, 22 [147 P.2d 631].) The statements concerning the agreement made by Josephine and Charles were not made in confidence. The court did not err in overruling the objection.

The third point is that Dorothy L. Nelson, as executrix, was not a necessary or proper party and that the judgment should not have run against her as executrix. It is argued that she could do nothing but cause distribution of the estate in accordance with the will and that she could only be held as trustee of the title as distributee of the estate. It does not appear that the point was made to the trial court that the executrix was improperly joined as a defendant and it is suggested for the first time on appeal.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.