Lawrence L. GOLDBERG

v.

Enrico LANCELLOTTI et al.

No. 83–151–Appeal.

Supreme Court of Rhode Island.

Jan. 23, 1986.

Lawrence L. Goldberg, Goldberg, Goldberg & Goldberg, Pawtucket, for plaintiff.

Raul L. Lovett, Marc B. Gursky, Lovett, Schefrin & Gallogly, Ltd., Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action brought by the plaintiff to restrain the defendant from destroying, disposing, or concealing certain items of personal property as well as granting to the plaintiff possession of said articles of personalty.[1] The matter was heard before a justice of the Superior Court without a jury. After a hearing thereon, the trial justice entered a judgment for the plaintiff. The defendant now appeals.

The facts are substantially as follows. Gaetano and Angelina Lancellotti were the owners as joint-tenants of a two-story dwelling located at 453 Charles Street in the city of Providence. On July 20, 1960, Gaetano and Angelina executed a joint will.[2] Gaetano died in July of 1966, and the will was probated in May of 1974. An administrator c.t.a. was appointed and qualified. However, on August 10, 1973, prior to the will being probated, Angelina attempted to convey the Charles Street residence to one of her sons, Enrico Lancellotti (also referred to as Harry). Three of dece-

---

1. This action was commenced in 1978 by Anthony DeLisi, by and through his attorney, Lawrence L. Goldberg. Mr. Goldberg is currently the guardian of the estate of Angelina Lancellotti and the administrator of the estate of Gaetano Lancellotti, Angelina's late husband.

2. A joint will is a single testamentary instrument constituting or containing the wills of two or more persons and jointly executed by them as their respective wills. *Van Houten v. Whitaker*, 169 Cal.App.2d 510, 514, 337 P.2d 900, 903 (1959).

dent's surviving children brought suit against Angelina and Enrico, seeking both to enjoin defendants from transferring, selling, or mortgaging the Charles Street real estate and to set aside the mother's conveyance of real property to defendant Enrico Lancellotti. In *Lancellotti v. Lancellotti*, 119 R.I. 184, 377 A.2d 1315 (1977), this court declared those deeds null and void, reasoning that under the contractual terms of the joint will, the joint tenancy was severed and a vested life estate in Angelina was established, with a remainder to the children.

In 1978 Anthony J. DeLisi, as administrator *de bonis non cum testamento annexo* of Gaetano's estate and guardian of the estate of Angelina, brought an action to recover certain items of personal property that were allegedly in the possession of defendant. The court held that the sale of personal property to Enrico Lancellotti was inconsistent with the terms of the joint will[3] executed by Gaetano and Angelina Lancellotti and that the entire personal estate of Gaetano and Angelina was to pass to all of the children per stirpes subject to the right of the executor to dispose of portions of the personal estate to support the survivor. We affirm.

The defendant submits the following issues to be considered by this court:

1. Whether the sole remedy to recover personal property lies only by writs of replevin?

2. Whether the will executed by Gaetano and Angelina Lancellotti disposed of the real estate only?

### I

In addressing the first issue, defendant first contends that the court below erroneously assumed equity jurisdiction over this action because plaintiff had the obligation first to seek a writ of replevin pursuant to G.L. 1956 (1969 Reenactment) § 34–21–1, the replevin statute,[4] which constitutes a complete and adequate remedy at law. We do not agree with this contention.

 In the proceedings below, a writ of replevin would not have been an appropriate form of relief. Replevin is merely a provisional remedy that applies prior to a trial on the merits. Where, as here, the plaintiff is seeking a determination as to who has the superior right to possess the property at issue, a trial on the merits is in order.[5]

 The defendant's contention that § 34–21–1 provides the exclusive remedy for plaintiff on these facts is erroneous. Although it was once necessary for plaintiffs first to bring a common-law replevin action, such is no longer the case. As noted by the trial justice below, this jurisdiction's adoption of the Rules of Civil Procedure has done away with the rigid, archa-

3. The language in paragraphs 3 and 4 of the Lancellotti will reads as follows:
 "THIRD: The survivor shall take, under this will, a life estate in all the real estate of which the one, who dies first, or is seized at the time of such death: provided, however, that all the real estate now owned by the testators, as joint tenants, shall upon the death of one, go to the survivor, it being the intention of the testators that the right of survivorship in such property shall take precedence over the provisions of this will."
 "FOURTH: All of our estate, *personal* or real, and of every nature and description, in equal shares, per stirpes, to the following children * * *." (Emphasis added.)

4. General Laws 1956 (1969 Reenactment) § 34–21–1 provides that:
 "[W]henever any goods or chattels of more than one thousand dollars ($1,000) value shall

be unlawfully taken or unlawfully detained from the owner or from the person entitled to the possession thereof, and whenever any goods or chattels of that value, which are attached on mesne process or execution or warrant of distress, are claimed by any person other than the defendant in the suit or process in which they are attached, such owner or other person may cause the same to be replevied by writ of replevin issuing from the superior court."

5. General Laws 1956 (1985 Reenactment) § 8–2–13 states in pertinent part:
 "The superior court shall * * * have exclusive original jurisdiction of suits and proceedings of an equitable character and of statutory proceedings following the course of equity."

ic common-law forms of action whereby a plaintiff's failure to comply with the procedural requirements of the appropriate form of action could result in a nonsuit. *See, e.g., McKittrick v. Bates,* 47 R.I. 240, 132 A. 610 (1926). Even though § 34–21–1 does provide for the return of property to the person entitled to possession via a writ of replevin, there is nothing that suggests that the framers of the statute intended it to constitute an exclusive remedy. Clearly, § 34–21–1 does not divest the Superior Court of its inherent jurisdiction to grant other forms of relief when the right to possession of personal property is in dispute.

## II

The defendant next contends that although this court's prior decision in *Lancellotti v. Lancellotti,* 119 R.I. 184, 377 A.2d 1315 (1977), is controlling on the issue of the disposition of the estate's realty, it applies exclusively to the realty in the Lancellotti estate and not to the personalty contained therein. We disagree. In *Lancellotti* we determined that the joint will executed by Gaetano and Angelina in 1960 constituted a binding contractual agreement to dispose of all of their joint property in the manner set forth in that testamentary instrument. Consequently, any attempt by Angelina to defeat the joint will by conveying property to Enrico was ineffective. We have already determined that Angelina had no legal right to defeat the joint will by alienating the real property, and there is nothing in the record to indicate that the provisions of the joint will relating to the disposition of the estate's personal property was modified in any way by a subsequent agreement. In fact, evidence was admitted at that level which demonstrated that defendant Harry Lancellotti was aware as early as 1974 that the items of personal property at issue were in

fact estate assets that did not belong to him.[6]

Because we find Angelina's attempt to alienate the personalty ineffective, we need not reach the issue of whether Enrico's promise to move back into the Charles Street residence and care for his mother was sufficient consideration to support Angelina's promise to convey certain items of personal property to her son.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

---

**6.** In Enrico Lancellotti's deposition on June 4, 1974, which was admitted into evidence as exhibit 2, the question was put to him: "You know that every item in the house belongs to the estate?" to which he responded, "Yes." In a subsequent answer, Harry admitted that "[t]he pots and pans, the antiques, and everything else" belonged to the estate.