[No. B049948. Second Dist., Div. One. Aug. 8, 1991.]

Estate of JAMES H. ENGLAND, Deceased.
VONDA B. ENGLAND, Petitioner and Respondent, v.
GEORGE W. YOUNG, as Executor, etc., Objector and Appellant.

**COUNSEL**

George W. Young, in pro. per., and Levinson & Lieberman for Objector and Appellant.

John Guy for Petitioner and Respondent.

**OPINION**

**DEVICH, J.**—The issue in this case is whether an unrecorded will can sever a joint tenancy. We hold it cannot.

### BACKGROUND

On August 12, 1969, Vonda B. England (Vonda) and her husband James H. England (James) became joint tenants of real property located at 600-602 North Parkman Avenue in Los Angeles (the property). James died on August 26, 1989, leaving behind the following handwritten will:

"Will—14 August 1989

"I hereby terminate my joint tenancy interest in my residence at 600-602 North Parkman Ave., Los Angeles and devise my interest therein and contents to my son William J. England.

"I give the residue of my estate to my son William J. England.

"I appoint George W. Young, Executor without bond.

"James H. England

"14 August 1989" The document was neither notarized nor recorded.

Vonda petitioned the probate court to exclude the property from the estate on grounds that James's will did not sever the joint tenancy and title to the property therefore vested in her based on the right of survivorship.[1] James's

---

[1] Vonda declared that she did not know the contents of James's will.

executor challenged the petition, claiming that the holographic will operated to sever the joint tenancy, thereby making James's one-half interest in the property subject to probate. In an order dated May 22, 1990, the probate court granted Vonda's petition, finding that the property was not subject to probate administration.

## DISCUSSION

Appellant executor contends that the will was dual in nature, containing both a declaration severing the joint tenancy, effective upon the date of execution, and a will directing the disposition of James's property. We disagree.

A joint tenancy, with its attendant "right of survivorship," is an estate designed primarily to allow two or more persons who jointly own property to avoid probate upon the death of one of the joint tenants. At common law, four unities were required to create a joint tenancy: interest, time, title, and possession. (*Tenhet v. Boswell* (1976) 18 Cal.3d 150, 155 [133 Cal.Rptr. 10 [554 P.2d 330].) If one of the unities were destroyed, a tenancy in common would result.[2] (*Ibid.*) An interest in a tenancy in common could be devised in a will (*Estate of Blair* (1988) 199 Cal.App.3d 161, 166 [244 Cal.Rptr. 627]); an interest in a joint tenancy could not (*Estate of Moy* (1963) 217 Cal.App.2d 24, 29 [31 Cal.Rptr. 374]).

Traditionally, a joint tenant in California could sever a joint tenancy without giving notice to the other joint tenants. "An indisputable right of each joint tenant is the power to convey his or her separate estate by way of gift or otherwise without the knowledge or consent of the other joint tenant and to thereby terminate the joint tenancy." (*Riddle v. Harmon* (1980) 102 Cal.App.3d 524, 527 [162 Cal.Rptr. 530, 7 A.L.R.4th 1261].) In 1985, the Legislature amended Civil Code[3] section 683.2 to require, inter alia, that a document purporting to unilaterally sever a joint tenancy be recorded either prior to the joint tenant's death (§ 683.2, subd. (c)(1)) or, if the document is notarized within three days before death, within seven days after the death of the joint tenant (§ 683.2, subd. (c)(2)).[4]

---

[2]In a tenancy in common, each tenant has a separate but undivided interest in the property which can be conveyed by deed or will. (Sterling, *Joint Tenancy and Community Property in California* (1983) 14 Pacific L.J. 927, 938.)

[3]All further statutory references are to the Civil Code.

[4]Section 683.2 provides, in pertinent part:

"(a) Subject to the limitations and requirements of this section, in addition to any other means by which a joint tenancy may be severed, a joint tenant may sever a joint tenancy in real property as to the joint tenant's interest without the joinder or consent of the other joint tenants by any of the following means:

". . . . . . . . . . . . . . . . . . . . . . . . . .

■ In the case at bench, James's will could not be effective to sever the joint tenancy in the property because it was neither notarized nor recorded as required by subdivision (c). However, subdivision (a) makes clear that statutory severance is not exclusive because "other means" may still be used. (See also Cal. Law Revision Com. com., Deering's Ann. Civ. Code, § 683.2 (1990) p. 446.) Thus, if we find that "other means" support James's attempt to sever the joint tenancy through his holographic will, his one-half interest in the property as a tenant in common would be subject to probate.

■ When determining the nature of real property upon the death of one spouse, there is a rebuttable presumption "that the property is as described in the deed and the burden is on the other party who seeks to rebut the presumption. [Citation.]" (*Schindler* v. *Schindler* (1954) 126 Cal.App.2d 597, 602 [272 P.2d 566].) "The mere fact one of the parties has a mistaken belief about the nature of the property, or has an intent uncommunicated to the other spouse about converting the property from one form to another, or expresses such an intent by will, will not rebut the presumption raised by the form of the deed." (*Edwards* v. *Deitrich* (1953) 118 Cal.App.2d 254, 260-261 [257 P.2d 750].)

Appellant executor's argument that James's holographic will severed the joint tenancy in the property relies upon a series of common law cases holding that a will may be dual in character. (*Estate of Watkins* (1940) 16 Cal.2d 793 [108 P.2d 417]; *Van Houten* v. *Whitaker* (1959) 169 Cal.App.2d 510 [337 P.2d 900]; *Thompson* v. *Boyd* (1963) 217 Cal.App.2d 365 [32 Cal.Rptr. 513]; see, generally, 64 Cal.Jur.3d, Wills, § 17, pp. 50-51.) While appellant is correct in asserting that a part of a "will"—for example the contract portion—can be effective immediately upon execution, his cases are

---

"(2) Execution of a written instrument that evidences the intent to sever the joint tenancy, including a deed that names the joint tenant as transferee, or of a written declaration that, as to the interest of the joint tenant, the joint tenancy is severed.

". . . . . . . . . . . . . . . . . . . . . . . . .

"(c) Severance of a joint tenancy of record by deed, written declaration, or other written instrument pursuant to subdivision (a) is not effective to terminate the right of survivorship of the other joint tenants as to the severing joint tenant's interest unless one of the following requirements is satisfied:

"(1) Before the death of the severing joint tenant, the deed, written declaration, or other written instrument effecting the severance is recorded in the county where the real property is located.

"(2) The deed, written declaration, or other written instrument effecting the severance is executed and acknowledged before a notary public by the severing joint tenant not earlier than three days before the death of that joint tenant and is recorded in the county where the real property is located not later than seven days after the death of the severing joint tenant.

"(d) Nothing in subdivision (c) limits the manner or effect of:

"(1) A written instrument executed by all the joint tenants that severs the joint tenancy.

"(2) A severance made by or pursuant to a written agreement of all the joint tenants.

"(3) A deed from a joint tenant to another joint tenant."

clearly distinguishable because they deal with *joint* wills in which *all* joint tenants are parties to the severance. They do not stand for the proposition that one joint tenant may *unilaterally* sever a joint tenancy without the other party receiving notice.

Section 683.2 was originally enacted in 1984 to codify *Riddle* v. *Harmon, supra,* 102 Cal.App.3d 524.[5] In the 1984 version, a severing joint tenant was not required to give notice of the severance to the nonsevering joint tenant. (Stats. 1984, ch. 519, § 1, pp. 2064-2065.) Subdivision (c) was added in 1985 to require at least the constructive notice provided by recordation of the severing instrument. (Stats. 1985, ch. 157, § 1, pp. 1051-1052.)

 The purpose of section 683.2, subdivision (c), is to avoid potentially fraudulent behavior by the party who executes a document severing the joint tenancy. The Law Revision Commission recommendation regarding the 1985 amendment states that, "[s]ince a severance may be made secretly, there is an opportunity for fraud: A joint tenant may execute an undisclosed severance, deposit the severing instrument with a third person, and instruct the third person to produce the instrument if the severing joint tenant dies first so the severed half may pass to his or her heirs or devisees. However, if the other joint tenant dies first, the secret severing instrument may be destroyed so that the surviving joint tenant will take the other half of the property by survivorship, thereby becoming owner of the entire property. [¶] . . . This new requirement [i.e., subdivision (c)] will prevent the severing joint tenant from suppressing the severing instrument if the other joint tenant dies first." (Recommendations Relating to Recording Severance of Joint Tenancy (Jan. 1985) 18 Cal. Law Revision Com. Rep. (1985) pp. 253-254, fns. omitted; see, generally, Fetters, *An Invitation to Commit Fraud: Secret Destruction of Joint Tenant Survivorship Rights* (1986) 55 Fordham L.Rev. 173; Crawford, *Destructibility of Joint Tenancies in Real Property* (1970) 45 State Bar J. 222.)

Had Vonda predeceased James, he could have destroyed his unrecorded will and become the sole owner of the property by right of survivorship. Section 683.2, subdivision (c), now ensures that a joint tenant cannot have it both ways. Either the joint tenancy is severed and the joint tenant's right of survivorship is lost, or the joint tenancy remains, denying the joint tenant the right to devise his or her interest by will.[6]

---

[5] *Riddle* disapproved of an archaic requirement that an intermediary be used to sever a joint tenancy. (102 Cal.App.3d at p. 530.)

[6] Under limited circumstances, it is possible for a joint tenancy to be severed after the death of a joint tenant. Section 683.2, subdivision (c)(2), permits such severance if the severing document has been notarized within three days before the severing party's death and is recorded within seven days after death. The three-plus-seven-day requirement of section

Section 683.2, subdivision (c), requires that a document unilaterally severing a joint tenancy be recorded in order to give the other joint tenants constructive notice of the severance and to avoid fraud. Accordingly, subdivision (a)'s inclusion of "other means" to sever a joint tenancy may not be read to include a will which has not been recorded as required by subdivision (c).[7]

## DISPOSITION

The order under review is affirmed.

Spencer, P. J., and Ortega, J., concurred.

---

683.2, subdivision (c)(2), thus limits the potential for fraud, while recognizing the right of a joint tenant to sever the joint tenancy.

[7] We do not decide whether a will is a written document which, if notarized and recorded, can sever a joint tenancy pursuant to section 683.2, subdivision (c)(2).