Filed 7/15/15  Central Korean Evangelical Church v. Super. Ct. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CENTRAL KOREAN EVANGELICAL CHURCH et al., | B260831 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC456826) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| PACIFIC SOUTHWEST DISTRICT OF THE CHURCH OF THE BRETHREN, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Mark V. Mooney, Judge.  Petition granted.

Law Offices of Steven C. Kim & Associates, Steven C. Kim and Gabriel Colorado, for Petitioners.

No appearance for Respondent.

Gorman & Miller, Kenneth L. Heisz, for Real Party in Interest.

_____

In this mandate proceeding, petitioners Central Korean Evangelical Church (CKEC) and its pastor Jang Kyun Park challenge orders made on remand from a previous appeal, *Pacific Southwest District of the Church of the Brethren v. Church of the Brethren, Inc.* (June 23, 2014, No. B247729 [nonpub. opn.]).  Petitioners argue the trial court improperly appointed a partition referee and reopened issues resolved in a judgment that had been partially affirmed on appeal.  In its return to the petition, Real Party in Interest Pacific Southwest District of the Church of the Brethren (PSWD) points out that a partition action cannot be maintained since, in the prior appeal, we held that the parties do not have a common undivided interest in the church property at issue in this case.  We agree with PSWD that partition cannot be had, and for that reason alone we grant the petition.

### FACTUAL AND PROCEDURAL SUMMARY

The subject property consists of two adjoining parcels.  Parcel 1 is comprised of lot 44, on which the church parking lot is located.  Parcel 2, on which the church building stands, consists of lots 48 and 49.  Park has owned lots 48 and 49 as trustee for CKEC since 1985.  In 1989, CKEC was accepted as a member congregation of the Church of the Brethren at PSWD's district conference.

PSWD acquired Lot 44 in its own name in 1990.  In May 1992, officers of CKEC executed a "Covenant and Agreement to Hold Property as One Parcel" ("covenant"), in which they agreed that lots 44, 48, and 49 "shall be held as one parcel and no portion shall be sold separately."  The covenant was executed for the purpose of creating a building site, and by its terms "shall continue in effect until released by the authority of the Superintendent of Building of the City of Los Angeles upon submittal of request, applicable fees and evidence that [the covenant] is no longer required by law."  In December 1992, PSWD transferred lot 44 to itself and CKEC.

CKEC voted to disassociate from the Church of the Brethren in 2007.  In 2011, PSWD sued CKEC for breach of trust under Corporations Code section 9142, and sought injunctive and declaratory relief.  It took the position that the Church of the Brethren's

2

governing document, "Manual of Organization and Polity" ("manual"), impressed a trust on local church property in favor of the general church. CKEC cross-complained for partition by sale, on the ground that CKEC and PSWD each owned a 50 percent undivided interest in parcel 1 based on the 1992 deed, which transferred title to both. CKEC disputed PSWD's claim that the church property was held in trust for the Church of the Brethren and sought to quiet title. Church of the Brethren, Inc. (COBI), a church administrative agency that had issued a loan to CKEC, was named as a defendant in the operative complaint and cross-complaint.

After a bench trial, the trial court entered judgment in favor of CKEC. It determined that Park owned parcel 2 (lots 48 and 49), which he held in trust for the benefit of CKEC, and CKEC and PSWD owned parcel 1 (lot 44) jointly, as tenants in common. The court also determined that a sale of the church property and division of the proceeds would be more equitable than division in kind. The property was ordered to be sold to CKEC's tenant for $2.5 million, unless PSWD obtained a better offer within 90 days. The judgment provided for the parties' respective shares in the proceeds, their rights to rents and reimbursements, and CKEC's repayment of the COBI loan. PSWD and COBI appealed, and the trial court proceedings were stayed.

On appeal, we held that the manual created an enforceable trust in favor of the Church of the Brethren in lot 44, but not in lots 48 and 49. We directed the trial court to redetermine the parties' relative share in any sale proceeds on remand. Since no issues were raised with regard to the procedure the trial court adopted for the sale of the property, we affirmed the portion of the judgment ordering the partition sale. (*Pacific Southwest District of the Church of the Brethren v. Church of the Brethren, Inc.*, *supra*, at p. 17.)

On remand, petitioners moved for entry of a modified judgment, and PSWD filed an ex-parte application urging the trial court to follow the partition statute (Code Civ. Proc., § 872.010 et seq.). On November 25, 2014, the court ordered that the original judgment be treated as an interlocutory judgment of partition under the partition statute (*id*., § 872.720, subd. (a)), and that the procedures of that statute be followed. CKEC

3

filed its petition seeking relief from the order. On January 12, 2015, the trial court issued an interlocutory judgment of partition and an order appointing a partition referee.

In April 2015, we issued an alternative writ of mandate and order to show cause, and we temporarily stayed proceedings in the trial court.

## DISCUSSION

### I

In its return, PSWD argues that as a result of our opinion in the prior appeal CKEC lacks standing to maintain an action for partition. Petitioners in turn contend that PSWD has waived all challenges to the partition sale by failing to raise them in the trial court or on appeal. Lack of standing, however, is a jurisdictional issue that may be raised at any time in the proceeding. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438.) It goes to the existence of a cause of action and CKEC's right to relief. (*Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1604.) If as a result of our previous opinion CKEC is not entitled to maintain a partition action, then the trial court no longer has authority to order a partition sale. (See *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 383 ["The court has no fundamental jurisdiction to order someone to transfer an interest in . . . land simply because it seems like a good idea under the circumstances"].)

PSWD asks that we reconsider our disposition of the previous appeal, which affirmed the portion of trial court's judgment ordering a partition sale. (*Pacific Southwest District of the Church of the Brethren v. Church of the Brethren, Inc.*, at p. 17.) Under the law of the case doctrine, a reviewing court ordinarily will not reconsider the merits of its prior opinion. (*Clemente v. State of California* (1985) 40 Cal.3d 202, 211–212.) The doctrine provides that principles or rules of law necessarily stated in a prior appellate decision become the law of the case and must be followed by the trial court in the same case and in any subsequent appeal. (*Id.* at p. 211.) The doctrine applies even though the prior decision is erroneous, but a reviewing court may depart from it in exceptional circumstances, such as when a manifest misapplication of existing principles

4

would result in substantial injustice.  (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 490–491.)

In the interest of justice, we agree to consider whether the disposition of the prior appeal is inconsistent with our holding.

## II

The partition statute authorizes co-owners of personal property or of "an estate of inheritance, an estate for life, or an estate for years in real property" to commence and maintain a partition action.  (Code Civ. Proc., § 872.210, subd. (a).)  Co-owners of *undivided* interests in real property, such as joint tenants or tenants in common, may therefore seek partition.  (*Estate of England* (1991) 233 Cal.App.3d 1, 4 [joint tenancy requires unity of interest, time, title, and possession; tenants in common have separate but undivided interests in property]; see also *Milian v. De Leon* (1986) 181 Cal.App.3d 1185, 1195–1196; 5 Miller & Starr, Cal. Real Estate (3d ed. 2006) § 12:1, fns. omitted ["'Cotenancy' is the legal term commonly used to designate ownership by several persons of undivided interests in real property, as opposed to ownership in 'severalty,' which designates ownership by individuals of separate parcels or portions of parcels.  The cotenants own the property by one joint title and in one right, and thus have one common freehold"].)

The partition action in this case was justified solely because the trial court found that PSWD and CKEC owned lot 44 as tenants in common based on the 1992 deed, by which PSWD transferred lot 44 to itself and CKEC.  But as we explained on appeal, the manual provides that local church property is held in trust for the benefit of the Church of the Brethren, and when a local church votes to disassociate, title to its property vests in the district board, which can sell or otherwise dispose of it at its own discretion.  (*Pacific Southwest District of the Church of the Brethren v. Church of the Brethren, Inc.*, at p. 4.)  We held that the manual created an enforceable trust in lot 44, regardless of the 1992 deed.  (*Id*. at pp. 15, 17.)  But we held that PSWD was estopped from asserting a trust over lots 48 and 49 because CKEC joined the Church of the Brethren on assurances that its pre-existing property would not be subject to the trust.  (*Id*. at p. 15.)  From our

5

holding, it follows that CKEC has no ownership interest in lot 44 (parcel 1), and PSWD has no ownership interest in lots 48 and 49 (parcel 2). Because there is no common undivided interest in either parcel, Petitioners cannot maintain a partition action.

Petitioners propose that a common interest exists because of the covenant to hold the three lots as one parcel, which CKEC's officers signed in May 1992. They cite no authority for this proposition. The covenant was not and cannot be the basis for the partition action because it does not create undivided co-ownership interests in all three lots. Its sole apparent purpose is to create a joint building site on CKEC's promise that the lots would not be sold separately. Unless released by the City of Los Angeles, the covenant binds CKEC, but on its face it does not bind PSWD. Thus, while it may provide an incentive to cooperate in a joint sale of the three lots, the covenant does not entitle CKEC to force a partition sale.

## DISPOSITION

The petition is granted, and the temporary stay is vacated. The trial court is directed to vacate all judgments and orders related to partition or approving a partition sale, and to enter a judgment declaring PSWD to be the sole owner of lot 44, and CKEC to be the sole owner of lots 48 and 49. The parties are to bear their own costs related to this mandate proceeding.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:



WILLHITE, J.                          MANELLA, J.


6