Filed 8/11/15  People v. Velasco CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B255534 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.BA407210) |
| v. | |
| JUAN VELASCO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sam Ohta, Judge.  Affirmed in part and remanded in part with instructions.

Judith Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel and Tita Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Juan Velasco[1] was convicted by a jury of one count of unlawful sexual intercourse and one count of forcible rape. On appeal, he challenges the trial court's imposition of attorney's fees and its calculation of presentence custody credits. We remand this matter for the limited purpose of allowing the trial court to determine these issues. The judgment is otherwise affirmed.

## FACTUAL AND PROCEDURAL SUMMARY[2]

In an information filed on August 21, 2013, Velasco was charged with three counts of committing a lewd act upon a child under the age of 14 (Pen. Code, § 288, subd. (a) (counts 1, 2, and 3));[3] two counts of committing a lewd act upon a child aged 14 or 15 (§ 288, subd. (c)(1) (counts 4 and 5)); one count of unlawful sexual intercourse with a minor (§ 261.5, subd. (c) (count 6)); and one count of forcible rape (§ 261, subd. (a)(2) (count 7)). As to all counts, the alleged victim was S.M., Velasco's stepdaughter. Velasco entered a plea of not guilty.

Following a jury trial, Velasco was found guilty of unlawful intercourse with a minor (count 6) and forcible rape (count 7). The jury declared it was deadlocked and unable to reach a verdict as to counts one through five, and the court declared a mistrial on these counts.

On April 10, 2014, the court dismissed counts one through five on the prosecutor's motion. The court sentenced Velasco to a total of 11 years in state prison, comprised of a base term of three years on count 6 and a consecutive term of eight years on count 7. Velasco was awarded 495 days of presentence custody credits. The court also ordered

---

[1] Defendant is also referred to in the record as "Juan Velascobravo" and "Juan Bravo," including at the preliminary hearing and in the information. However, as reflected in a minute order dated February 11, 2014, defendant clarified that his true name is Juan Velasco.

[2] We omit the majority of the factual background of this matter, as it is not pertinent to the issues raised on appeal.

[3] All further statutory references are to the Penal Code unless otherwise indicated.

Velasco to pay various fines and fees, including $132 in attorney's fees (§ 987.8).
Velasco timely appealed.

## DISCUSSION

A. *Imposition of Attorney's Fees*

Velasco contends that the trial court improperly imposed attorney's fees upon him without the notice and hearing required by statute. The Attorney General largely concedes this point, and we agree.

Section 987.8, subdivision (b), "provides that, upon the conclusion of criminal proceedings in the trial court, the court may, after giving the defendant notice and a hearing, make a determination of his present ability to pay all or a portion of the cost of the legal assistance provided him." (*People v. Flores* (2003) 30 Cal.4th 1059, 1061 (*Flores*).) At such a hearing, the defendant is entitled to various rights, including the right to be heard in person, to present witnesses and documentary evidence, to confront and cross-examine adverse witnesses, to disclosure of the evidence against him or her, and to a written statement of the court's findings. (§ 987.8, subds. (e)(1)-(e)(5).) "While the statutory language does not mandate an express finding of an ability to pay, the statute contains a presumption that those sentenced to prison do not have the ability to pay. [Citations.]" (*People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1421.) "Thus, the court must make an express finding of unusual circumstances before ordering a state prisoner to reimburse his or her attorney. [Citations.]" (*Ibid.*; § 987.8, subd. (g)(2)(B).)

Here, it is undisputed that the trial court failed to give notice or hold a hearing regarding the potential imposition of attorney's fees. In fact, the trial court's order that Velasco pay $132 in attorney's fees is not reflected in the transcript of the sentencing hearing; it appears only in the minute order of that hearing and the subsequent abstract of judgment. Thus, the trial court made no finding that unusual circumstances existed to overcome the presumption that Velasco, who was being sentenced to 11 years in prison, lacked the present ability to pay any attorney's fees.

We note that the Attorney General does not contend that Velasco waived his right to challenge the imposition of attorney's fees on appeal by failing to object during his

3

sentencing hearing. As noted above, based on the reporter's transcript, it appears there was no reference to the imposition of attorney's fees during the sentencing hearing. Nor was there any mention of the possibility of attorney's fees in the probation report. Thus, as it appears that Velasco was never given notice or the opportunity to object to the imposition of those fees, the forfeiture rules are inapplicable here. (See *People v. Aguilar* (2015) 60 Cal.4th 862, 867-868 [forfeiture appropriate where "defendant had two opportunities to object to the fees the court imposed, and availed himself of neither," including "when the court, at sentencing, announced the fees it was imposing," and then, as advised by the court, "in subsequent proceedings before the probation officer"]; *People v. Trujillo* (2015) 60 Cal.4th 850, 858-859 [notice of potential imposition of fees from probation report].) Accordingly, the order requiring Velasco to pay attorney's fees cannot be sustained.

Where, as here, the trial court did not conduct the noticed evidentiary hearing required by section 987.8, remand is appropriate to allow the court to determine Velasco's ability to pay attorney's fees. (See, e.g., *People v. Flores, supra*, 30 Cal.4th at p. 1069 [affirming remand order by Court of Appeal to allow hearing on defendant's ability to pay]; *People v. Verduzco, supra*, 210 Cal.App.4th at p. 1420-1421.) Velasco argues that remand would be futile, as his time spent in prison would foreclose a finding that he had the ability to pay fees. In light of the lack of any discussion on the record of Velasco's ability to pay, we find it is preferable to remand this issue to allow the trial court to make the proper inquiry into Velasco's financial position.

B. *Calculation of Presentence Custody Credits*

Velasco contends the trial court incorrectly calculated his presentence custody credits and requests that we modify the judgment accordingly. The Attorney General notes that the record is not clear whether the trial court accounted for all of Velasco's time spent in custody and therefore asks that we remand to the trial court for recalculation of the presentence custody credits.

A defendant is entitled to credit for all days actually spent in custody, including the day of arrest and the day of sentencing. (*People v. Browning* (1991) 233 Cal.App.3d

1410, 1412; *People v. Smith* (1989) 211 Cal.App.3d 523, 526.) He is also entitled to good conduct credit computed at 15 percent of the actual time spent in custody. (§ 2933.1.) Here, Velasco was awarded 495 days of presentence credit, reflecting 431 days in actual custody and 64 days for good conduct. He was initially arrested on November 17, 2012 and sentenced on April 10, 2014. Velasco contends that he was in custody the entire time and was therefore entitled to 508 days of actual custody credits and 76 days of good conduct credit for a total award of 584 days of credits. However, the record contains statements by a police officer witness and by Velasco's trial counsel suggesting that Velasco was released for some period of time following his initial arrest, pending the outcome of DNA tests, and was then re-arrested. The record does not reflect the dates of Velasco's release or subsequent arrest. We therefore cannot determine whether the trial court properly calculated Velasco's presentence custody credits based on this information. Remand is appropriate to allow the trial court to resolve this issue.

## DISPOSITION

The matter is remanded to the trial court for a hearing on Velasco's ability to pay attorney's fees and for determination of the appropriate calculation of presentence custody credits. The judgment is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

5